Amalgamated Transit Union, Division 1241, by and through its President and Trustee ad Litem, Jay R. Meyers, Appellant *v.* Red Rose Transit Authority, Appellee.

Argued June 5, 1981, before Judges ROGERS, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Joseph J. Pass, Jr., Jubelirer, Pass & Intrieri, P.C.,* for appellant.

*Susan R. Friedman,* with her *Stephen J. Weglarz, Weglarz, Tryon & Friedman* and *Michael J. Rostolsky,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., August 10, 1981:

Amalgamated Transit Union, Division 1241 (Union) appeals to this Court to reverse the decision of the Lancaster County Court of Common Pleas, which dismissed the action in mandamus filed by the Union against the Red Rose Transit Authority (Management). The dismissal resulted from an order sustaining preliminary objections to jurisdiction in Common Pleas Court, filed by Management.

The factual development of the case is uncomplicated. When negotiations between the parties concerning certain sections of the collective bargaining agreement broke down, the Union directed a letter to Management requesting binding arbitration pursuant to the provisions of the Act of November 27, 1967, P.L. 628, 53 P.S. §39951 (Transportation Act), under which Management, a public transit authority, is organized. Management refused to participate in the arbitration process, making its position clear in writing. Shortly after receiving the letter from Management, the Union filed a complaint in mandamus in the Court of Common Pleas, praying that the court order Management to comply with the terms of the statute.

Management filed preliminary objections to the complaint, alleging that the Union members are public employes within the ambit of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, No. 195, 43 P.S. §1101.101 *et seq.* Because of this, Management contends, the court does not have jurisdiction, since Section 1301 of the PERA, 43 P.S. §1101.1301, gives the Pennsylvania Labor Relations Board (PLRB) the exclusive power to prevent the performance of an unfair labor practice, and failure to arbitrate is an unfair labor practice under the PERA. Alternatively, Management demurred to the complaint, arguing that the PLRB has concurrent jurisdiction over the alleged unfair labor practice, and therefore, since Union has an adequate remedy in the administrative process, mandamus will not lie.

The lower court held that it did not have jurisdiction, reasoning, in concert with Management, that the failure to submit the disagreement to binding arbitration is an unfair labor practice under Section 803 of the PERA, 43 P.S. §1101.803, and therefore under the exclusive jurisdiction of the PLRB.

Union appealed that determination to this Court,[1] contending that the refusal to arbitrate is not an unfair labor practice under the PERA, and is therefore governed by the language of the Transportation Act. Additionally, Union points to *Division 85 of the Amalgamated Transit Union v. Port Authority of Allegheny County*, 417 Pa. 299, 208 A.2d 271 (1965) (Division 85), in which the Pennsylvania Supreme Court interpreted language identical to that of the Transportation Act as requiring Management to submit the dispute to arbitration.

In *Port Authority of Allegheny County v. Division 85 Amalgamated Transit Union*, 34 Pa. Commonwealth Ct. 71, 383 A.2d 954 (1978) (Port Authority), this Court construed language[2] which mirrors that presently before us as a mandate to the employer to *offer* to submit to arbitration in the event of a collective bargaining impasse. Citing *Division 85, supra,* we declared that although Management was *required* to make the said offer, union did not have to accept it, and therefore, the wording could not be interpreted as a statutory mandate to the parties to arbitrate. In

---

[1] Union also requested that this Court grant its prayer for a peremptory judgment; however, since the lower court did not address that point, the request is not ripe for appellate review.

[2] The language construed in Port Authority is as follows:
In case of any labor dispute where collective bargaining does not result in agreement, the authority shall offer to submit such dispute to arbitration. . . .

Section 13.2 of the Act of April 6, 1956, P.L. (1955) 1414, *as amended,* added by the Act of October 7, 1959, P.L. 1266, *as amended,* 55 P.S. §563.2.

The language presently before the Court for interpretation is:
In case of any labor dispute where collective bargaining does not result in agreement the city of third class, authority thereof or joint authority, shall offer to submit such dispute to arbitration. . . .

53 P.S. §39951.

construing the PERA and the Second Class County Port Authority Act[3] in pari materia, we further held that should the union decline Management's offer to arbitrate, the parties would then become subject to the mediation provisions of the PERA. In other words, the first step is that Management *must* offer to arbitrate. If labor does not accept that offer, then both parties must submit to mediation and the subsequent procedures of the PERA.

The Statutory Construction Act states that:

[W]hen a court of last resort has construed the language used in a statute, the General Assembly in subsequent statutes on the same subject matter intends the same construction to be placed upon such language.

1 Pa. C. S. 1922(4). This Court is therefore bound to construe the language of the Transportation Act as did the Pennsylvania Supreme Court when it examined the virtually identical language of Section 13.2 of the Second Class County Port Authority Act, and held that management *must offer* to arbitrate. We therefore hold that Management has a statutory obligation to offer to arbitrate pursuant to the provisions of the Transportation Act.

Having done so, we turn to the question of whether mandamus will lie in such an instance. It is well-settled that mandamus is an extraordinary writ, which will only issue where there is a clear legal right in plaintiff which corresponds to a duty in defendant, for which there is no other adequate and appropriate remedy. *Accord, Zemprelli v. Thornburgh*, 47 Pa. Commonwealth Ct. 43, 407 A.2d 102 (1979). The above discussion makes it clear that defendant Management has a clear legal duty under the Transportation Act to offer to submit its dispute with the Union to arbi-

---

[3] 55 P.S. §551, *et seq.*, cited at note 2, *supra*.

tration, and the Union has exercised its right to demand performance of that duty. Assuming that there is no other legal avenue of redress, mandamus will lie.

The lower court has reasoned that the facts of this dispute constitute an unfair labor practice under the PERA. We do not find that to be so. Section 803 of the PERA, 43 P.S. §1101.803 deems a refusal by either party to submit to the mediation procedures of the PERA to be an unfair labor practice. As previously noted, the PLRB has exclusive jurisdiction over the prevention of such practices under Section 1301 of the PERA, 43 P.S. §1101.1301. However, mediation is not binding arbitration. In construing the PERA and the Transportation Act in pari materia, this Court is obligated not only to give effect to both as far as is possible, *First National Bank of Millville v. Horwatt*, 192 Pa. Superior Ct. 581, 162 A.2d 60 (1960), but also to govern itself by the above-cited precedent, which makes Union's refusal to arbitrate under the Transportation Act a condition precedent to the activation of the provisions of the PERA.[4]

This dispute has not yet ripened into a situation which constitutes an unfair labor practice, *Port Authority, supra,* since the Union has not even had the opportunity to decline an offer to arbitrate. Union therefore does not, at this time, have the administrative remedy of filing charges with the PLRB, and has no other method of enforcing its right to bargain with an unwilling Management.

We therefore remand this case to the Court of Common Pleas of Lancaster County to take jurisdiction of further action in this case, in accord with the directives of this Opinion.

---

[4] Sections 801, 802, and 803, 43 P.S. §§1101.801, 1101.802, 1101.803.

## Order

And Now, this 10th day of August, 1981, the order of the Court of Common Pleas of Lancaster County entered September 25, 1980, to Docket No. 274 of July Term, 1980, is hereby reversed, and the above case is remanded to that Court for further proceedings consistent with this Opinion.