505 A.2d 1089

Lehigh and Northampton Transportation Authority, Appellant *v.* Division 956, Amalgamated Transit Union, Appellee.

Argued February 3, 1986, before Judges CRAIG and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Edward H. Feege,* with him, *Larry J. Rappoport, Hayes and Feege, P.C.,* for appellant.

*Joseph J. Pass Jr., Jubelirer, Pass & Intrieri, P.C.,* for appellee.

OPINION BY JUDGE CRAIG, March 5, 1986:

The Lehigh and Northampton Transportation Authority (LANTA) has appealed from a mandamus order which the Court of Common Pleas of Lehigh County granted in favor of Division 956, Amalgamated Transit Union, directing that LANTA offer to submit the parties' bargaining impasse to arbitration, pursuant to section 1(d) of the Act of November 27, 1967, P.L. 628, 53 P.S. §39951(d) (Transportation Act).

The Counties of Lehigh and Northampton formed LANTA under the Municipality Authorities Act of May 2, 1945, P.L. 382, §§1-19, *as amended,* 53 P.S. §§301-322.

Although LANTA provides transportation service throughout much of the area of the two counties which formed it including service to third class cities and their environs, no third class city joined with the two counties in the formation of LANTA as an authority.

After a collective bargaining agreement between LANTA and the union expired in January of 1984, following a brief extension, the parties found themselves unable to agree upon the terms of a new agreement. The union, after LANTA refused a union request to proceed to binding arbitration, filed the mandamus complaint which led to the judgment at issue.

Resolution of this dispute turns entirely upon judicial interpretation of the Transportation Act, the pertinent portions of which read as follows:

(a) *If any city of the third class or any authority thereof or any joint authority formed to provide transportation service within the city and its surrounding environs, hereinafter referred to as joint authority, acquires an existing transportation system, such of the employes of such transportation system,* except executive and administrative officers as are necessary for the operation thereof by the city of the third class, or any authority thereof or joint authority, *shall be transferred to and appointed as employes of the* city of the third class, authority thereof, or *joint authority.*

. . . .

(d) The city of the third class, authority thereof or joint authority, through its boards shall deal with and enter into written contracts with the employes of the city of the third class, authority thereof or joint authority, through accredited representatives of such employes or representatives of any labor organization authorized to act for such employes concerning wages, salaries, hours, working conditions and pension or retirement provisions.

In case of any labor dispute where collective bargaining does not result in agreement the city of the third class, authority thereof or joint authority, shall offer to submit such dispute to arbitration. . . . The determination of the majority of the board of arbitration thus established shall be final and binding on all matters in dispute. (Emphasis added.)

In *Amalgamated Transit Union, Division 1241 v. Red Rose Transit Authority,* 61 Pa. Commonwealth Ct. 216,

433 A.2d 575 (1981), which involved a transportation authority formed by a third class city as a participant, this court held that the above statutory terms, in the event of a bargaining impasse, required that the authority submit the matter to binding arbitration. Our interpretation paralleled that made by the Pennsylvania Supreme Court, with respect to identical statutory terms, in *Division 85, Amalgamated Transit Union v. Port Authority of Allegheny County*, 417 Pa. 299, 208 A.2d 271 (1965).

Thus, if LANTA constitutes a "joint authority" within the coverage of the Transportation Act, there is no doubt that the trial court's mandate to LANTA was legally proper.

Hence, the question is:

Where two counties, without the participation of any third class city, have formed a joint authority which provides transportation service to third class city areas—as well as elsewhere in those counties—does such an authority constitute a 'joint authority formed to provide transportation service within the city and its surrounding environs' so that the authority is subject to the Transportation Act's arbitration submission requirement?

LANTA contends vigorously that the statutory language, referring to a joint authority "formed" to provide transportation within "the" third class city, necessarily means that the Act applies only where a third class city is a participant in the formation of the authority, and not when other municipal bodies have formed it.

As an initial supporting point, LANTA contends that the Transportation Act is part of the Third Class City Code, so that official participation by such a municipal corporation is unavoidably implied. That premise, however, is faulty; an official element of the

Third Class City Code would be an amendment of the Act of June 23, 1931, P.L. 932, §§1-4353, 53 P.S. §§5101-39353, but the legislature enacted the Transportation Act without any such specific legislative relationship, albeit with an obvious concern for the transportation problems of third class cities in particular.

LANTA's strongest argument is that the trial court's application of the Act here depends upon the existence of a *joint* authority serving the area of a nonparticipating third-class city, thus leaving the anomaly that an authority formed by a *single* county would not come under the statute, even though it provided transportation service to one of more third class cities in precisely the same manner.

There is no doubt that the legislature's use of the passive verbal form (saying "joint authority formed" rather than making clear which class of municipal entity must have formed the joint authority) has produced ambiguity, as such syntax commonly does.

As trial court Judge MELLENBERG recognized, the courts must bring the principles of interpretation to bear when statutory language is ambiguous. This court necessarily agrees with the statement in Judge MELLENBERG's opinion that:

> A statute must be liberally construed to give effect to its objectives and promote justice unless the statute falls within one of the classes enunciated in 1 Pa. C.S.A. §1928(c). Since the Transportation Act does not fall within one of the enumerated classes in §1928(b), we are bound to construe it liberally.

Therefore, in this situation, where the ambiguity of a statute provides virtually equal support for opposing interpretations, the principle of liberal interpretation leads this court to choose the more expansive alternative.

Accordingly, the court hereby approves and adopts Judge MELLENBERG's application of that principle in his opinion's sound analysis, reading as follows:

[T]he Transportation Act refers to three categories of municipal corporations which are governed by its provisions. These are: (1) a city of the third class; (2) any authority formed by a city of a third class; or (3) any joint authority formed to provide transportation within the third class city and its surrounding environs.

Using the statutory guidelines enunciated above, LANTA is an authority which falls into the third category and is governed by the provisions of the Transportation Act. LANTA is a joint authority formed to provide transportation service to the Counties of Lehigh and Northampton which include the third class cities of Allentown, Bethlehem and Easton. LANTA maintains that its purpose is to provide transportation to the residents of the counties and that because it does not contract to provide services to the cities, it is not governed by the Transportation Act, which contention is without merit. It can reasonably be inferred that part of the stated purpose of LANTA is to provide transportation to the counties' residents which would also include providing transportation service to the residents of the third class cities contained therein and their surrounding environs. Therefore, LANTA was formed to provide service within a third class city and its surrounding environs.

Also, the legislature chose the descriptive word 'any' to precede joint authority and modified the word 'city' with 'surrounding environs.' These words cannot be treated as mere

surplusage but must be given effect, and 'any' must be construed according to its common usage. As it is commonly used, 'any' would refer to every joint authority which would fall into the third category regardless of whether the joint authority has a third class city as a member.[3]

[3] The word 'any' has been defined in the American Heritage Dictionary to mean 'every.'

The statute merely requires that the joint authority be formed to provide transportation services within a third class city. LANTA is clearly such a joint authority and therefore it is governed by the provisions of the Transportation Act.

Therefore, the Transportation Act governs LANTA, and Judge MELLENBERG's mandamus order is affirmed.

## ORDER

Now, March 5, 1986, the order of the Court of Common Pleas of Lehigh County, at No. 84-C-613, dated January 4, 1985, is affirmed.